UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARETTA NEUMANN-HURLESS,

    Plaintiff,

v.

MANJEET SINGH and RANDHAWA TRUCKING,

    Defendants.

CASE NO. 2:19-cv-

HON.

---

MICHAEL J. ROTHSTEIN (P70240)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075
(248) 355-2048/ (248) 355-2079 *fax*
mjr@rothsteinlawgroup.com

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this Complaint.

    /s/ Michael J. Rothstein
    MICHAEL J. ROTHSTEIN (P70240)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff herein, ARETTA NEUMANN-HURLESS, by and through her attorneys, ROTHSTEIN LAW GROUP PLC, and in support of her Complaint against Defendants, MANJEET SINGH and RANDHAWA TRUCKING, shows unto this Honorable Court as follows:

### GENERAL ALLEGATIONS

1.     Jurisdiction is conferred by 28 USC 1332.

2.     That Plaintiff, ARETTA NEUMANN-HURLESS, is a resident of the City of Lakeland, State of Florida.

3. That based upon information and belief, Defendant, MANJEET SINGH (hereinafter sometimes referred to as "Defendant-Driver") resided at 917 Newcastle Court, Shafter, CA 93263-3560.

4. That based upon information and belief, Defendant, RANDHAWA TRUCKING (hereinafter sometimes referred to as "Defendant-Owner/Company") is a foreign company that conducted business at 641 N. San Marcos Drive Tracy, CA 95391.

5. That this case involves a motor vehicle accident which occurred on or about August 14, 2017, in the Township of Walton, State of Michigan.

6. That the amount in controversy herein exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorney fees.

**COUNT I – NEGLIGENCE BY DEFENDANT, MANJEET SINGH**

7. Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 6 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

8. That on or about August 14, 2017, Plaintiff was operating a certain 2010 blue Toyota Corolla motor vehicle bearing Michigan License Plate Number BBS7209 and Vin Number 2T1BU4EE4AC282224 (hereinafter referred to as "Plaintiff's vehicle").

9. That based upon information and belief, Defendant, MANJEET SINGH, at all times relevant herein, was the operator of a motor vehicle identified as a 2017 gray Freightliner Cascadia bearing California License Plate Number WP97205 and VIN of 3AKJGLDR6HSHW6092 (sometimes herein referred to as "Defendant's vehicle"), and was responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

10. That on or about August 14, 2017, Defendant-Driver was operating said vehicle while traveling Northbound on I-69 at or near Baseline Highway, in the Township of Walton, State of Michigan, when he was following too closely and failed to stop in the assured clear distance ahead, causing a motor vehicle collision with the Plaintiff's vehicle.

11. That at all times relevant and material hereto, it was the duty of Defendant-Driver to operate said vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of the common law require and in accordance with the laws of the State of Michigan and all subdivision thereof having jurisdiction.

12. That, contrary to the duties set forth above and below, Defendant-Driver was negligent, careless, reckless, and guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, both statutory and common law, by way of illustration and not limitation:

    A. Failing to operate his vehicle in a reasonably careful and prudent manner, and failing to keep his vehicle under control so as to avoid a collision;

    B. Driving his vehicle on the highway and/or roadway carelessly and heedlessly in willful disregard of the safety of others, without due caution and circumspection, so as to endanger persons and property;

    C. Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid the motor vehicle accident with another vehicle;

    D. Operating his vehicle in a reckless manner without regard for the safety of others in violation of numerous Michigan Statutes;

  E. Failing to operate his vehicle at a safe speed which was reasonable and proper and within consideration for the then-existing conditions;

  F. Failing to stop in the assured clear distance ahead;

  G. Following too closely;

  H. Committing other acts and/or omissions which constitute breaches of duties owed Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

13. That in the happening of the aforesaid accident, Plaintiff herein was not negligent.

14. That as a direct and proximate result of the aforementioned breaches of duties and negligence of Defendant-Driver, Plaintiff was caused to suffer severe, serious, painful, permanent, and/or disabling injuries, physical and/or psychological, including serious impairment(s) of body function(s) and/or permanent serious disfigurement.

15. That as a direct and proximate result of the aforementioned negligence and breaches of duties of Defendant-Driver, Plaintiff herein was made to suffer serious and disabling injuries; including but not limited to injuries to her skeletal, nervous, cardiovascular and/or musculoskeletal systems, and injuries to the muscles, tendons, ligaments, nerves, bones and tissues of her head, back, neck, shoulders, arms, ribs, chest, butt, hips, and/or other parts of her body, and/or aggravation of pre-existing conditions as well as other serious and disabling injuries, the nature and extent of which are not completely known at this time.

16. That as a result of the aforesaid accident, Plaintiff suffered, and will continue to suffer, great pain, discomfort, embarrassment, mental anguish, psychological trauma, depression, gross anxiety, and inconvenience.

17. That prior to the accident, Plaintiff herein was in reasonably good health and was able to and did participate in most of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of continued pain, stress, and discomfort, all preventing her from engaging in many of those activities she engaged in prior to the accident.

18. That as a direct and proximate result of the subject automobile accident, Plaintiff, was made to suffer serious and disabling injuries as hereinabove described.

19. That the aforesaid injuries and damages sustained by Plaintiff constitute a serious impairment of a body function(s) and/or serious permanent disfigurement.

20. That as a direct and proximate result of the motor vehicle accident and the injures Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention, including, but not limited to hospital, doctor, therapist, nursing services, and will likely require medical treatment in the future.

WHEREFORE, Plaintiff herein, ARETTA NEUMANN-HURLESS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, MANJEET SINGH, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

**COUNT II – OWNERSHIP LIABILITY OF DEFENDANT, RANDHAWA TRUCKING**

21. Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 20 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

22. That, based upon information and belief, at all times relevant herein Defendant, RANDHAWA TRUCKING, was the sole and/or co-owner(s) of the vehicle that Defendant, MANJEET SINGH, was operating at the time of the aforementioned motor vehicle accident.

23. That Defendant, MANJEET SINGH, was operating Defendant-Owner's vehicle with the full consent and knowledge of Defendant-Owner, RANDHAWA TRUCKING, and accordingly Defendant, RANDHAWA TRUCKING, is liable and responsible for all damages sustained by Plaintiff proximately caused by Defendant-Driver's negligence pursuant to MCL 257.401 et. seq., as amended, and other applicable statutes of the State of Michigan governing owner's liability for the negligent operation of motor vehicles and the common law of the State of Michigan.

WHEREFORE, Plaintiff herein, ARETTA NEUMANN-HURLESS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, RANDHAWA TRUCKING, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

### COUNT III – NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT, RANDHAWA TRUCKING

24. Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 23 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

25. That on or about August 14, 2017, Defendant-Owner, RANDHAWA TRUCKING, entrusted Defendant's vehicle, a potentially dangerous instrumentality, to Defendant-Driver, MANJEET SINGH, whom based upon information and belief, Defendant-Owner, RANDHAWA TRUCKING, knew, or should have known, was not a reasonably prudent driver and who may endanger others with said instrumentality.

26. Defendant-Owner, RANDHAWA TRUCKING, is responsible for any and all damages sustained by Plaintiff in this matter as heretofore and hereinafter alleged which were

caused as a result of the negligent operation of the said motor vehicle by Defendant-Driver, MANJEET SINGH.

WHEREFORE, Plaintiff herein, ARETTA NEUMANN-HURLESS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, RANDHAWA TRUCKING, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

### COUNT IV – RESPONDEAT SUPERIOR AGAINST DEFENDANT, RANDHAWA TRUCKING

27. Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 26 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

28. That on or about August 14, 2017, Defendant, RANDHAWA TRUCKING, was the owner and/or co-owner of said vehicle, operated by Defendant, MANJEET SINGH.

29. That on or about August 14, 2017, Defendant, MANJEET SINGH, was an employee, servant and/or agent of said Defendant, RANDHAWA TRUCKING.

30. That on or about August 14, 2017, and at the time of the aforesaid collision, Defendant, MANJEET SINGH, was operating said motor vehicle with the express and/or implied consent of Defendant, RANDHAWA TRUCKING.

31. That on or about August 14, 2017, Defendant, RANDHAWA TRUCKING, knew or should have known that Defendant, MANJEET SINGH, was operating said motor vehicle.

32. That on or about August 14, 2017, and at the time of the aforesaid accident, Defendant, MANJEET SINGH, was operating said motor vehicle during the course of his employment for Defendant, RANDHAWA TRUCKING, and during the course of his regular duties for said Defendant.

33. That Defendant, RANDHAWA TRUCKING, is liable for the injuries and damages sustained by Plaintiff as a result of the negligence of Defendant, MANJEET SINGH, their servant, employee, and/or agent pursuant to the Doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff herein, ARETTA NEUMANN-HURLESS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, RANDHAWA TRUCKING, in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
Dated: April 22, 2019          (248) 355-2048

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ARETTA NEUMANN-HURLESS,

    Plaintiff,

v.

MANJEET SINGH and RANDHAWA TRUCKING,

    Defendants.

CASE NO. 2:19-cv-

HON.

MICHAEL J. ROTHSTEIN (P70240)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/ (248) 355-2079 *fax*
mjr@rothsteinlawgroup.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff herein, ARETTA NEUMANN-HURLESS, by and through her attorneys, ROTHSTEIN LAW GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the captioned matter.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048

Dated: April 22, 2019

9